IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

STELLA ROBINETTE                                                                PLAINTIFF

VS.                                      **COMPLAINT**

UNITED CONSUMER FINANCIAL
SERVICES COMPANY                                                           DEFENDANTS
865 Bassett Road
Westlake, OH 44145

      Serve: Corporate Creations Network, Inc.
             3411 Silverside Road #104
             Wilmington, DE 19810

&

THE KIRBY COMPANY
1920 West 114th St.
Cleveland, OH 44102

      Serve: The Scott Fetzer Company
             28800 Clemens Rd.
             Westlake, OH 44145

**JURY TRIAL DEMANDED**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, STELLA ROBINETTE ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendants, UNITED CONSUMER FINANCIAL SERVICES COMPANY (hereinafter "United Consumer") and THE KIRBY COMPANY (hereinafter "Kirby"), alleges and affirmatively states as follows:

# INTRODUCTION

1. This is an action for actual, punitive, consequential and statutory damages brought by Stella Robinette (hereinafter "the Plaintiff"), an individual consumer, against Defendant United Consumer and Defendant Kirby, for violations of Ky. Rev. Stat. § 367 *et seq.*, the Kentucky Consumer Protections Act (hereinafter "KCPA"). Defendant United Consumer engaged in unfair, false, misleading or deceptive acts and practices in violation of the KCPA when it attempted to collect a debt by repeatedly calling before 7:00 a.m., continued to call the Plaintiff after being notified of her intent to file bankruptcy, failing to contact the Plaintiff's attorney as directed, by using abusive and abrasive language while demanding payments, and by repeatedly calling and hanging up after someone answered the call. Defendant Kirby engaged in unfair, false, misleading or deceptive acts and practices in violation of the KCPA when employees came to the Plaintiff's home and used abrasive, assaultive, and intimidating tactics in order to force the sale of a vacuum cleaner.

2. The Plaintiff also brings this action against Defendant United Consumer, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The FDCPA was designed to prohibit "in general terms any harassing, unfair or deceptive collection practice." Senate Report No. 95-382. Defendant United Consumer engaged in a course of unfair and oppressive practices in an attempt to collect a consumer debt allegedly owed by the Plaintiff by attempting to collect a debt by repeatedly calling early in the morning, throughout the day, and into the evening, continued to call the Plaintiff after being notified of their intent to file bankruptcy, failing to contact the Plaintiff's attorney as directed, by using abusive and abrasive language while demanding payments, and by repeatedly calling and hanging up after someone answered the call.

3. The Plaintiff also brings a claim for civil conspiracy, pursuant to Kentucky Law.

4. The Plaintiff also brings this action against Defendant Kirby for trespass. During the sale of the consumer vacuum cleaner, the Defendant's employees were told numerous times to leave the premise and refused to do so.

5. Finally, the Plaintiff brings this action against Defendant Kirby for assault. During the sale of the consumer vacuum cleaner at the Plaintiff's home, the Defendant's employees used high pressured sales techniques and refused to leave. After the sale was completed, the employees still refused to leave, stood up and walked around home in a threatening manner, and started to demand dinner.

## PARTIES

6. The Plaintiff, Stella Robinette, is a citizen and resident of Pike County, Kentucky. The Plaintiff is a "person," as that term is used in Ky. Rev. Stat. § 367.220. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d.

7. Defendant, United Consumer Financial Services Company ("United Consumer"), is a corporation organized and existing under the laws of Delaware, and with its principal place of business in Ohio. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named. Defendant is a "person" who was engaged in "trade" and/or "commerce" as those terms are defined under Ky. Rev. Stat. § 367.110. Defendant United Consumer is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from the Plaintiff.

8. Defendant, The Kirby Company ("Kirby"), is a corporation organized and existing under the laws of Delaware, and with its principal place of business in Ohio. Unless otherwise

indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, distributors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named. Defendant Kirby is a "person" who was engaged in "trade" and/or "commerce" as those terms are defined under Ky. Rev. Stat. § 367.110.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought in any court of competent jurisdiction.

10. Jurisdiction is also conferred on this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction applies to this case.

11. The Court has personal jurisdiction over the Defendants herein.

12. Defendant United Consumer transacts business in the Commonwealth of Kentucky. The Defendant purposely contacted the Plaintiff, a resident of the Commonwealth of Kentucky, in an effort to collect a consumer debt.

13. Defendant Kirby transacts business in the Commonwealth of Kentucky. The Defendant purposely contacted the Plaintiff, who is a resident of the Commonwealth of Kentucky, in an effort to sell a vacuum cleaner. Through information and belief, the Defendant uses a distributor in Kentucky, such as Big Sandy Kirby, LLC, in order to sell goods to consumers as door to door salesmen.

14. The Court may exercise jurisdiction over the Defendants consistent with the due process requirements of the constitutions and law of the Commonwealth and the United States.

15. Venue in this judicial district is appropriate as the events giving rise to the claims herein occurred within this judicial district.

## FACTS

16. The Plaintiff has, since March of 2005, primarily resided in Pike County, Kentucky.

17. One day in the early afternoon of August 2015, the Plaintiff was solicited, in person, by two agents of Defendant Kirby while at her home.

18. Prior to the arrival of the Defendant Kirby's salesmen, the Plaintiff had no prior knowledge that they were coming to try to sell her a vacuum cleaner.

19. At that time, the Plaintiff was home with her husband and her four year old granddaughter.

20. When the Plaintiff answered the door, the employees identified themselves as Kirby Vacuum Sales agents and asked to come inside.

21. While inside, the agents told the Plaintiff that they were her son's managers and that if the Plaintiff purchased a vacuum cleaner, it would benefit her son.

22. Plaintiff was told by the salesmen that they previously spoke to her son before they came to the house and said that they were "absolutely going to talk his mom into buying one of these vacuum cleaners."

23. During the sale of the vacuum cleaner, the Defendant Kirby's salesmen were rude, pushy, and insisted that the Plaintiff purchase the vacuum cleaner.

24. During the course of the sale, the Plaintiff and her husband repeatedly asked the salesmen to leave. The salesmen disregarded these requests and continued to use extremely aggressive and high-pressured sales tactics in an attempt to sell a vacuum cleaner.

25. While attempting to make the sale, the salesmen walked around the kitchen, acted arrogantly and rudely, and used intimidating and forceful language.

26. The salesmens' behavior created apprehension and fear of imminent bodily harm in the Plaintiff, her husband, and her four year old granddaughter.

27. The Plaintiff eventually bought a vacuum cleaner from the Kirby salesman, costing her roughly $1400.

28. The Plaintiff believed that the sale would be enough to get the two men out of her home. Upon conclusion of the sale, the Plaintiff asked the salesmen to leave. Again, these requests were disregarded.

29. Though the sale had ended, the two salesmen continued to walk around the house in a threatening manner, and asked the Plaintiff if she was cooking and what she had to eat around the house.

30. Plaintiff responded that she was cooking for her sister and had plans to leave soon, and therefore, really needed the salesmen to leave.

31. The salesmen disregarded this request, and kept insisting that they were hungry and not going to leave. The Plaintiff gave the men some pizza and again pleaded with them to leave.

32. Finally, the salesmen left after they received some food.

33. The salesmen stayed approximately four hours and left sometime in the early evening.

34. In September 2015, the Plaintiff began receiving calls from Defendant United Consumer. These calls were made in an attempt to collect the debt owed to Defendant Kirby for her recent purchase of a vacuum cleaner.

35. During September and October 2015, Defendant United Consumer contacted the Plaintiff's home daily, calling multiple times a day, and at all hours of the day. These calls would begin early in the morning and would continue throughout the day and evening.

36. In September 2015, the Plaintiff's son answered one of Defendant United Consumer's calls. He told the agent on the line that his mother was not to be contacted anymore regarding the purchase of the vacuum.

37. In September 2015, the Plaintiff's husband answered the phone and told the agent on the line that he and his wife intended to file a bankruptcy and that any additional correspondence regarding this debt should be directed to their attorney.

38. In October 2015, the Plaintiff answered the phone and spoke to Defendant United Consumer's agent or employee who identified himself as "Trim Demiri."

39. Mr. Demiri was extremely rude over the phone and told the Plaintiff that she still needed to pay for her vacuum cleaner, regardless of her bankruptcy.

40. The Defendants' actions have caused the Plaintiff undue stress, anxiety, distress and concern, as well as loss of time and enjoyment, and fear that the men would come back. Moreover, the Plaintiff has been continuously harassed since the purchase of the vacuum, causing her stress and anxiety in relation to the actions of the Defendants as described herein.

## COUNT I
### Defendant United Consumer & Defendant Kirby
**(Kentucky Consumer Protection Act – Ky. Rev. Stat. § 367, *et seq*.)**

41. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

42. The Kentucky Consumer Protection Act declares that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." For purposes of the KCPA, unfair also means "unconscionable." Ky. Rev. Stat. § 367.170.

43. The Plaintiff is a person who purchased or leased goods or services from the Defendant primarily for personal, family or household purposes.

44. The Plaintiff has suffered ascertainable loss of money or property as a result of the Defendant's use of methods, acts or practices that are unlawful pursuant to the KCPA.

45. The Defendant United Consumer engaged in unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce when it engaged in the conduct described herein, including but not limited to: repeatedly calling starting early in the morning and continuing throughout the day and early evening, continued to call the Plaintiff after being notified of intent to file bankruptcy, failing to contact the Plaintiff's attorney as directed, by using abusive and abrasive language while demanding payments, and by repeatedly calling and hanging up after someone answered the call.

46. The Defendant Kirby engaged in unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce when employees came to the Plaintiff's home and used abrasive, assaultive, and intimidating tactics in order to force the sale of a vacuum cleaner.

47. The Defendants' actions were part of a concerted scheme to harass and oppress the Plaintiff.

48. Due to the Defendants' actions, the Plaintiff seeks actual damages for her loss of money and time, as well as her stress and anxiety in dealing with the Defendant's harassing conduct.

49. The Plaintiff seeks her reasonable attorneys fees and costs herein.

50. Further, pursuant to Ky. Rev. Stat. § 367.220, the Plaintiff request that this Honorable Court provide equitable relief, insofar as the Plaintiff request that the Defendant cease

all further collection attempts by the Defendant or any of the Defendant's agents, successors or assigns.

51. Finally, the Plaintiff seeks punitive damages due to the Defendant's egregious conduct as set forth herein.

## COUNT II
### Defendant United Consumer
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

52. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

53. Plaintiff Stella Robinette is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

54. Defendant United Consumer is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from the Plaintiff.

55. In October 2015, the Plaintiff spoke with Defendant United Consumer's agent or employee "Trim Demiri." During the course of the conversation, "Trim" used an abusive tone and language when trying to collect the debt from the Plaintiff, including hanging up the phone on the Plaintiff, all in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(2).

56. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when the Defendant United Consumer's agents continually failed to contact the Plaintiff's attorney and incorrectly advised her regarding her debt obligations pursuant to bankruptcy.

57. The Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to attempt to collect the debt, as described herein.

58. The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt when the Defendant repeatedly called at all hours of the day and night, and continually verbally harass the Plaintiff.

59. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for the following:

    a. Pursuant to 15 U.S.C. § 1692k(a)(1), the Plaintiff's actual damages;

    b. Pursuant to 15 U.S.C. § 1692k(a)(2), statutory damages;

    c. Pursuant to 15 U.S.C. § 1692k(a)(3), all court costs and attorneys' fees.

### COUNT III
### Defendants United Consumer & Kirby
### (Civil Conspiracy)

60. The allegations in the above paragraphs of this complaint are incorporated herein.

61. Kentucky law recognizes the tort of civil conspiracy, which has been described as a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means.

62. The actions of the Defendants, as outlined herein, evince a corrupt or unlawful agreement between the Defendants to fraudulently collect on a debt through use of coercive and abusive collection practices.

63. The Defendants' actions were in concert with one another, and made in a joint effort to collect funds from the Plaintiff through unlawful or fraudulent means.

64. Due to the Defendant's actions, the Plaintiff seeks actual damages for her loss of money and time, as well as her stress and anxiety in attempting to stop the Defendant's harassing conduct.

65. The Plaintiff seeks her reasonable attorneys fees and costs herein.

66. Finally, the Plaintiff seeks punitive damages due to the Defendants' egregious conduct as set forth herein, as well as to dissuade the Defendants from engaging in such behavior in the future.

## COUNT IV
## DEFENDANT KIRBY
## (TRESPASS)

67. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

68. In August 2015, the Defendant Kirby's employees were repeatedly asked to leave the Plaintiff's home during the sale of a vacuum.

69. The Defendant's salesmen refused to leave.

70. The Defendant's salesmen not only refused to leave the home, but demanded food from the Plaintiff.

71. The Defendant's salesmen heard the Plaintiff's repeated requests for them to leave and deliberately and willfully stayed in the Plaintiff's home.

72. The Plaintiff became fearful when the two men refused to leave after being repeatedly asked.

73. The Defendant's salesmen stayed for a total of four hours, including hours after the completion of sale.

74. Plaintiff seeks her reasonable attorneys fees and costs, herein.

75. Plaintiff seeks punitive damages pursuant to the Defendant's egregious conduct as set forth herein.

## COUNT V
## DEFENDANT KIRBY
## (ASSAULT)

76. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

77. In August 2015, the Defendant Kirby's salesmen used overtly aggressive and abrasive tactics to force the Plaintiff to buy a vacuum cleaner.

78. During the course of the sale, the Defendant's salesmen walked around the home, used abrasive language, were insistent on the sale, refused to leave after being asked repeatedly, acted and spoke aggressively, and demanded food from the Plaintiff.

79. The Defendant's salesmen acted aggressively in order to create a reasonable fear and apprehension of imminent bodily harm.

80. The Plaintiff was fearful of imminent bodily harm based on the actions of the Defendant's salesmen during the course of the sale.

81. The Plaintiff was fearful that the salesmen would hurt her four year old granddaughter based on the actions of the Defendant's salesmen during the course of the sale.

82. The Plaintiff became increasingly more fearful that she was in danger of imminent bodily harm as the Defendant's salesmen refused to leave, and stayed for hours.

83. Plaintiff seeks her reasonable attorneys fees and costs, herein.

84. Plaintiff seeks punitive damages pursuant to the Defendant's egregious conduct as set forth herein.

**WHEREFORE,** the Plaintiff, Stella Robinette, having set forth their claims for relief against the Defendants, respectfully requests judgment be entered against the Defendants, for the following:

A. That the Plaintiff has and recover against the Defendants a sum to be determined in the form of actual and consequential damages;

B. That the Plaintiff has and recover against the Defendants, costs and reasonable attorneys' fees;

C. Punitive damages for the actions taken by the Defendants;

D. A permanent injunction barring the Defendants, or any of the Defendants' agents, successors or assigns, from continuing to attempt to collect the debt herein from the Plaintiff in the future;

E. Pre-judgment and post-judgment interest on all damages where appropriate;

F. Any and all other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, STELLA ROBINETTE, demands a jury trial in this case.

DATED: October 30, 2015

/s/ Noah R. Friend
Noah R. Friend
Noah R. Friend Law Firm, PLLC
P.O. Box 610
Pikeville, KY  41502
Phone: 606.437.2217
Mobile. 606.369.7030
Fax. 502.716.6158
noah@friendlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, STELLA ROBINETTE, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I, STELLA ROBINETTE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10-9-15
DATE

Stella Robinette
STELLA ROBINETTE